*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MCCLELLAND/THOMAS, Minors.

UNPUBLISHED
April 15, 2026
9:05 AM

No. 377159
Sanilac Circuit Court
Juvenile Division
LC No. 23-036620-NA

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

This matter is before the Court once again after remand proceedings in the trial court, which followed an earlier appeal where the respondent's[1] parental rights to two minor children were terminated. In its prior opinion, the Court affirmed the trial court's exercise of jurisdiction and found that statutory grounds for terminating the respondent's parental rights to each child were established by clear and convincing evidence. See *In re McClelland/Thomas*, unpublished opinion of the Court of Appeals, March 19, 2025 (Docket No. 371123), at 1-2. However, this Court vacated the trial court's best-interests determination and remanded for reconsideration of whether termination was in the children's best interests, specifically considering their placement with a relative. On remand, the trial court again determined that termination was in the children's best interests and entered an order terminating respondent's parental rights to both children. For the reasons set forth below, we affirm.

## I. BACKGROUND

The salient factual background, as previously summarized by this Court, is as follows.

> In February 2023, Children's Protective Services initiated an investigation after CM disclosed to school personnel that she had been sexually abused by

---

[1] Because the biological fathers of the children are not parties to this appeal, we will refer to respondent-mother as "respondent."

respondent's live-in boyfriend, J. Thomas, the biological father of JT. The Department of Health and Human Services (DHHS) sought termination of respondent's parental rights at the initial disposition, principally on the basis of her failure to protect the children from Thomas's physical and sexual abuse. During the adjudicative proceedings, a jury concluded that statutory grounds existed for the exercise of jurisdiction over the children. Consequently, the court assumed jurisdiction under MCL 712A.2(b)(1) and (2). Subsequently, the trial court found that clear and convincing evidence supported statutory grounds for termination of respondent's parental rights and that termination was in the children's best interests. [*Id*. at 1-2.]

In the prior appeal, this Court observed that there was substantial evidence indicating that respondent's live-in boyfriend sexually abused CM and physically abused both CM and JT. *Id*. at 3-5. The record also established that respondent was aware of the abuse yet permitted Thomas to remain in the home and failed to undertake protective actions. This Court further noted that respondent accused CM of fabricating the allegations and instructed CM to lie to authorities regarding the abuse. *Id*. Accordingly, this Court affirmed the trial court's exercise of jurisdiction and its finding of statutory grounds for termination based on this evidentiary record. *Id*. at 4-6.

With respect to the trial court's best-interests analysis, this Court noted that, although both children had been placed with a relative, the trial court did not specifically address the import of relative placement, which generally weighs against termination. *Id*. at 6-7. This Court therefore remanded for the trial court to "address the issue and render a new finding regarding the children's best interests." *Id*. at 7.

Upon remand, the trial court articulated a renewed best-interests determination on the record. The court considered the children's ages, noting that CM neither wished to reunify with respondent nor maintained a substantial bond with her, and that CM had been significantly traumatized both by the abuse and by respondent's inadequate response to her disclosure. The trial court further found that CM was thriving in her relative foster placement. Although the court acknowledged the existence of some bond between respondent and JT, it attributed this to JT's youth and limited awareness of the abuse. The trial court further evaluated the children's weak bond with respondent, their positive relationship with the foster family, and the prospect of adoption. The court found respondent incapable of providing a stable and protective home for the children due to her persistent denial of culpability and failure to appreciate the gravity of the harm suffered by her children. The court also considered the documented history of domestic violence and respondent's broader history. Ultimately, the court concluded that termination was in the children's best interests notwithstanding their placement with a relative.

The trial court thereafter issued a written opinion and order terminating respondent's parental rights to both children, expressly finding that termination was in their best interests and stating: "[B]ased upon the overwhelming facts supporting the best interests of the minor children on the whole record, relative placement does not outweigh any of the best interest factors and/or the totality of the record."

## II. ANALYSIS

On appeal, respondent contends that termination of her parental rights was not in the children's best interests given their placement with relatives.

This Court reviews for clear error the trial court's factual determination that termination of parental rights is in the best interests of the child. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). A finding is clearly erroneous if, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*. at 338. In the context of parental termination proceedings, deference is afforded to the trial court's assessment of witness credibility, given its unique opportunity to observe the witnesses. *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020).

Whether termination of parental rights is in the best interests of the child must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The best-interests analysis focuses on the child, not the parent. *In re Mota*, 334 Mich App at 321. The trial court may consider a nonexhaustive list of factors in assessing whether termination is in the child's best interests, including:

> the strength of the child's bond to the parent, the parent's capacity for parenting, the child's need for permanency, stability, and finality, and the comparative advantages of a foster placement versus the parental home. Additional considerations include the duration of the child's placement in care, the likelihood of reunification within a reasonable time frame, and compliance with the case service plan. [*In re Atchley*, 341 Mich App at 346-347.]

Moreover, the trial court is required to consider a child's placement with relatives in its best-interests determination, and such placement generally weighs against termination. *In re Mota*, 334 Mich App at 321.

In cases involving multiple children, the trial court must assess each child's best interests individually. While it is generally presumed that siblings should remain together, if such placement is contrary to the best interests of an individual child, the interests of that child are paramount. *In re Olive/Metts*, 297 Mich App 35, 42; 823 NW2d 144 (2012). The trial court is not required to make duplicative factual findings if the children's interests do not materially diverge but must address any significant differences. *In re White*, 303 Mich App 701, 715-716; 846 NW2d 61 (2014).

Here, respondent contends on appeal that termination was unwarranted due to her mental health and cognitive impairments, the absence of offered services following the initial disposition, and the claim that she had not previously exposed the children to abusive individuals. She further asserts that the children's relative placement militated against termination. However, respondent's arguments fail to address the trial court's findings regarding the impact of her actions and omissions on the children's welfare, which the court determined were not outweighed by the relative placement. Respondent's appellate briefing improperly centers her own interests, whereas the appropriate focus at the best-interests stage is on the children. *In re Mota*, 334 Mich App at 321. Additionally, to the extent respondent's arguments implicate witness credibility, such matters

are best left to the trial court, which possesses the superior ability to assess witness demeanor and credibility. *In re Mota*, 334 Mich App at 320.

As previously recognized by this Court, the record contains substantial evidence that respondent was aware of her live-in boyfriend's abuse of the children and failed to take protective action. The record further establishes that respondent instructed CM to mislead authorities in order to shield her boyfriend, indicating a prioritization of her relationship over the welfare of her children. Respondent provides no persuasive rationale as to why this evidence is outweighed by the children's placement with relatives. Accordingly, respondent has not demonstrated that the trial court's best-interests findings were clearly erroneous. *In re Atchley*, 341 Mich App at 346.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle